UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH REYNOSA-JUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>ACCOUNTABLE HEALTHCARE STAFFING, INC., et al.,<br><br>    Defendants. | Case No. 5:18-cv-06302-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION**<br><br>Re: Dkt. No. 38 |

Defendants Accountable Healthcare Staffing and Accountable Healthcare Holdings ("Defendants") argue, pursuant to an employment arbitration agreement, Plaintiff Sarah Reynosa-Juarez ("Plaintiff") must be compelled to arbitrate her claims individually. Having considered the Parties' papers, the Court agrees and **GRANTS** Defendants' motion to compel arbitration.

**I. BACKGROUND**

**A. Factual Background**

Plaintiff, a traveling nurse, worked for Defendants at Kaiser Permanente's San Jose Medical Center from approximately December 2015 to February 2016. Class and Collective Action Complaint ("Compl.") ¶ 2, Dkt. 1. Plaintiff routinely worked overtime and through her meal and rest periods because her patient care obligations required her to do so. *Id.* ¶¶ 8–11, 16.

Prior to working at the Kaiser Permanente Medical Center, Plaintiff signed a "Short Term Travel Contract" with Defendants. Pursuant to this contract, "To be paid . . . overtime, any overtime worked must be approved before the shift is worked, in writing, by someone of authority at the facility. Unapproved overtime will be paid to you as regular time." Declaration of Andrew Goldwyn ("Goldwyn Decl."), Ex. A at 6, Dkt. 38-1. Plaintiff contends this resulted in her being

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
1

denied overtime pay because it was not feasible for her overtime hours to be pre-approved. Compl. ¶ 6. She also did not receive timely meal and rest periods. *Id.* ¶¶ 18–20.

### B. Arbitration Provision

Plaintiff and Defendants dispute the legality of the arbitration provision in the "Short Term Travel Contract." The agreement states:

> **ARBITRATION**. Any dispute to this agreement will be settled by binding arbitration conducted in the state of Florida in accordance with the Health Care Arbitration Rules of the AHLA Alternative Dispute Resolution Service (c/o American Health Lawyers Association, 1120 Connecticut Avenue, NW, Suite 950, Washington, D.C. 20036).

Goldwyn Decl., Ex. A at 8.

Defendants emailed Plaintiff this Contract. Declaration of Sarah Reynosa-Juarez ("Reynosa Decl."), Ex. B, Dkt. 43-2. The subject line of the email directed Plaintiff to "Please Sign" and the body of the email instructed Plaintiff that she would be unable to start work at Kaiser until this contract was signed. *Id.* Plaintiff had to sign and return the document within 24 hours or her contract would be subject to cancelation. *Id.* The email neither advised Plaintiff that the Contract contained an arbitration clause, nor did Defendants orally explain there was an arbitration clause. *Id.*; Reynosa Decl. ¶ 26. By signing, however, Plaintiff attested that she verified and "read and under[stood] the contents [of the contract]." Goldwyn Decl., Ex. A at 8. Plaintiff signed the contract. *Id.*

### C. Procedural History

On October 15, 2018, Plaintiff filed a class and collective action complaint to seek redress for violations of the Fair Labor Standards Act ("FLSA"), the California Labor Code, and Unfair Competition Laws. *See* Compl. ¶¶ 54–110.

On January 4, 2019, Defendants filed a motion to compel arbitration of Plaintiff's individual claims. Dkt. 15. On February 1, 2019, however, Defendants voluntarily withdrew this motion without prejudice. Dkt. 25. On February 23, 2019, the parties stipulated to extend the time for Defendants to file an Answer to Plaintiff's Complaint until March 4, 2019. Dkt. 27. On

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
2

1    March 5, 2019, the parties again stipulated to extend the time for Defendants to file an answer.

2    Dkt. 29. Defendants then filed an answer on March 11, 2019. Dkt. 30.

3    On April 17, the parties submitted a Joint Case Management Conference Statement with a proposed schedule. Dkt. 32. The parties met and conferred as required by Federal Rule of Civil Procedure 26(f), undertook various discovery, and had an ADR Phone Conference. Dkt. 37.

On May 16, 2019, after the Supreme Court decided *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407 (2019), Defendants renewed their motion to compel arbitration. Memorandum in Support of Motion for Lack of Subject-Matter Jurisdiction and Compel Individual Arbitration ("Mot."), Dkt. 38. Plaintiff filed an opposition on May 30, 2019. Opposition/Response re Memorandum ("Opp."), Dkt. 43. On June 6, 2019, Defendants filed a reply. Reply re Memorandum ("Reply"), Dkt. 45. The Court now considers Defendants' Motion to Compel Arbitration.

## II. JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of information or facts (1) generally known within the Court's jurisdiction, and (2) capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201 (b)–(c).

Both parties request this Court to judicially notice the American Health Lawyers Association ("AHLA") Dispute Resolution Service Rules of Procedure for Employment Arbitration, which govern the Arbitration Clause between the parties. *See* Dkt. 38-2; 43-1. The AHLA Rules are easily accessible on the AHLA's website. *See Wilson v. United Health Grp., Inc.*, 2012 WL 6088318, at *4 n.4 (E.D. Cal. Dec. 6, 2012) (taking judicial notice of the American Arbitration Association ("AAA") Rules that were "easily available through the AAA's website"). Accordingly, these requests for judicial notice are **GRANTED.**

## III. ARBITRATION DISCUSSION

The Federal Arbitration Act ("FAA") provides that written arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
3

FAA reflects a "liberal federal policy favoring arbitration." *Id.*

### A. Waiver

Plaintiff first argues that Defendants waived their arbitration rights. Opp. at 22. "In light of the policy in favor of arbitration, 'waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof.'" *Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 143 (Cal. 2014) (quoting *Saint Agnes Med. Ctr. v. PacifiCare of Cal.*, 82 P.3d 727, 732 (Cal. 2003)); *see also United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) ("[W]aiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof." (quotation marks and citation omitted)). "Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring enforcement of arbitration agreements." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). The issue of whether the right to arbitration was waived is presumptively for the court to decide. *See Martin v. Yasuda*, 829 F.3d 1118, 1123–24 (9th Cir. 2016).

To demonstrate waiver of the right to arbitrate, a party must show: "(1) knowledge of an existing right to compel arbitration;[1] (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.* The following factors, while similar, are also relevant: "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings;[2] (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had

---

[1] Neither party disputes that Defendants knew of their right to compel arbitration and so the Court does not analyze this factor.
[2] Defendants have not filed any counterclaims and so the Court does not address this factor.

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
4

1    taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party."

2    *Iskanian*, 327 P.3d at 144 (quotation marks and citations omitted) (alteration in original). For

3    clarity, the Court groups similar factors together.

### 1. Inconsistent Actions/ Substantial Invocation of Litigation Machinery/Important Intervening Steps

"[S]ilence and delay in moving for arbitration may indicate a conscious decision to seek judicial judgment on the merits of the arbitrable claims." *Martin*, 829 F.3d at 1125. This element is satisfied when a party "chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." *Id.*; *see also Kelly v. Pub. Util. Dist. No. 2*, 552 F. App'x 663, 664 (9th Cir. 2014) (finding element satisfied when parties "conducted discovery and litigated motions, including a preliminary injunction and a motion to dismiss"); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067–68 (C.D. Cal. 2011) (finding element satisfied when defendant actively litigated the case by removing it to federal court, seeking a venue transfer, participating in meetings and scheduling conferences, negotiating and entering into a protective order, and participating in discovery). "This is especially true when parties state well into the litigation that they do not intend to move to compel arbitration." *Martin*, 829 F.3d at 1125 (citation omitted).

Plaintiff argues that because Defendants withdrew their earlier motion to compel arbitration, they have participated in the litigation process and waived their right to pursue arbitration. Opp. at 23. In Plaintiff's view, the case law indicates that a motion to compel arbitration may not be granted after a previous withdrawal, unless the withdrawal was based on futility. *Id.* Likewise, Plaintiff contends "[d]elaying a motion to compel arbitration for tactical purposes demonstrates waiver." *Id.* This is a misreading of the case law and ignores the federal preference for arbitration. First, contrary to *Hughes v. S.A.W. Entertainment, Ltd.*, 2017 WL 6450485, at *5–6 (N.D. Cal. Dec. 18, 2017), which Plaintiff cites to support its futility argument, futility is not at issue here. Second, opposite to Plaintiff's assertion, Plaintiff bears the burden of establishing waiver. *Compare Iskanian*, 327 P.3d at 143, *with* Opp. at 23 ("Defendants . . . fail to

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
5

United States District Court
Northern District of California

identify a single decision granting a motion to compel arbitration after a previous withdrawal that was not based on futility.").

Plaintiff cannot meet this burden; Plaintiff provides *no* precedent supporting her theory that "tactical decisions" show waiver. To the contrary, the "tactical reasons" cited by Plaintiff do not rise to the level of "filing motions to dismiss," "seeking a decision on the merits," "active participation in discovery," or "spending seventeenth months litigating the case," discussed in *Martin*. *See* 829 F.3d at 1125–26. In contrast to *Martin*, Defendants' conduct was consistent with their right to arbitrate—they did not "substantially invoke" the litigation machinery by taking the inconsistent step of filing action seeking early resolution of the merits. Further, the renewed motion to compel arbitration came three months after the initial withdrawal, which stands in contrast to the seventeen months cited in *Martin*. The initial filing of a motion to compel also "note[d] [Defendants'] right to arbitration." *Cf. id.* at 1126 (stating that defendants did not note arbitration rights until almost a year into the litigation). Finally, Defendants only filed a case management statement and undertook minimal, mandatory discovery actions, which they quickly withdrew. Thus, the totality of Defendants' actions, especially in light of the federal policy favoring enforcement of arbitration agreements, do not satisfy these elements. *See Fisher*, 791 F.2d at 694.

### 2. Timing of Motion/Prejudice

To prove prejudice, a plaintiff must show more than "self-inflicted" wounds incurred "as a direct result of suing in federal court" despite being bound by an arbitration agreement. *Martin*, 829 F.3d at 1126. "Such wounds include costs incurred in preparing the complaint, serving notice, or engaging in limited litigation regarding issues directly related to the complaint's filing, such as jurisdiction or venue." *Id.* To establish prejudice, the plaintiff must show that, because of the defendant's delay in seeking arbitration, they incurred unnecessary costs, will be forced to relitigate an issue they already prevailed on in court, or that the defendant received an advantage in federal court that they would not have received in arbitration. *Id.*

In *Martin*, the Ninth Circuit held that the plaintiffs "easily" met the prejudice requirement

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
6

because "the defendants failed to move for arbitration for seventeen months, [] expended considerable money and effort in federal litigation, . . . [including] contesting the defendants' motion to dismiss on the merits." *Id.* at 1127–28. Plaintiff argues this case is analogous to *Martin* because "the parties here met and conferred to prepare a joint CMC statement . . . . had discussions regarding the preservation of electronically stored information . . . . [a]nd [] exchanged initial disclosures and discovery going to the propriety of conditional and class certification." Opp. at 25. These, however, are "self-inflicted wounds." Federal Rule of Civil Procedure 26(f) requires the parties to meet, confer, and create a discovery plan. *See* Fed. R. Civ. P. 26(f). Likewise, this District's Civil Local Rules require that the parties file a Joint Case Management Statement before their mandatory Initial Case Management Conference. *See* N.D. Cal. Civ. L.R. 16-2, 16-9. The Rule 26(f) conference, mandatory discovery disclosures, and the Joint Statement are thus self-inflicted wounds. *Martin*, 829 F.3d at 1126 (stating plaintiffs cannot be prejudiced by costs they incurred "as a direct result of suing in federal court").

The only volitional acts Defendants undertook were to serve document requests on Plaintiff and notice Plaintiff's deposition. Opp. at 9. This, however, does not rise to the level of prejudice discussed in *Martin*—these actions neither caused a lengthy delay nor constitute "active litigation." To the contrary, *Martin* referenced a "seventeen month" delay and referred to "active litigation" as litigating the merits of the case. 829 F.3d at 1126. Defendants have done neither of those things. *Cf. Bower v. Inter-Con Sec. Sys., Inc.*, 181 Cal. Rptr. 3d 729, 737–38 (Cal. Ct. App. 2014) (finding prejudice when Defendant attempted to "settle the case on a classwide basis" because caused months-long delay).

Finally, Plaintiff argues she is prejudiced because Defendants moved to stay the case pending resolution of this motion. Yet, if Defendants had *not* moved to stay the case, Plaintiff would argue they spent needless cost and effort on discovery. *Cf. id.* at 738 ("However, given that [the defendant] signaled its willingness to litigate class claims by filing discovery and pursuing settlement on a classwide basis . . . ."). This argument, thus, is unpersuasive and Plaintiff cannot show prejudice.

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
7

## B. Validity, Enforceability, and Scope of Arbitration Clause

In determining whether to compel a party to arbitrate, the court must determine: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (quotation marks and citation omitted). The Court makes these inquiries below.

### 1. Validity of Agreement

"Like other contracts, [], [arbitration agreements] may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010). Plaintiff argues the agreement is unconscionable. Under California law, the doctrine of unconscionability has both a procedural and substantive element. *Sonic-Calabasas A, Inc. v. Moreno*, 311 P.3d 184, 194 (Cal. 2013). Both forms of unconscionability are required to render a contract unenforceable, but they need not be present in the same degree. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000). "California law utilizes a sliding scale to determine unconscionability—greater substantive unconscionability may compensate for lesser procedural unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013).

**Substantive Unconscionability.** A contract is substantively unconscionable when it is so unjustifiably one-sided that it "shocks the conscience." *Chavarria*, 733 F.3d at 923 (quotation marks and citations omitted). "[I]t is unfairly one-sided for an employer with superior bargaining power to impose arbitration on an employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee." *Armendariz*, 6 P.3d at 692. This "lack of mutuality" renders the agreement "so one-sided as to be substantively unconscionable." *Id.*

Here, the agreement is mutual—it requires both parties to arbitrate all claims arising out of the employment relationship. Further, the AHLA Rules governing the agreement provide specific protections against substantive unconscionability. Indeed, Plaintiff only argues the agreement is substantively unconscionable because it "requires [Plaintiff], but not Defendants, to travel across the country, from California to Florida, and incur substantial losses, as a condition to arbitrating

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
8

her claims." Opp. at 18. Plaintiff takes issue with four words in the agreement: "in the state of Florida." Goldwyn Decl., Ex. A at 8. Notably, Defendants have agreed to stipulate to arbitration in California. *See* Mot. at 10 ("[Defendants] will stipulate to arbitrate [Plaintiff's] individual claims at a location in Northern California convenient to both parties.").

Assuming the "place and manner"[3] restriction is substantively unconscionable, the issue becomes whether it may be severed. *See Silicon Valley Self Direct, LLC v. Paychex, Inc.*, 2015 WL 4452373, at *7 (N.D. Cal. July 20, 2015) (severing provision of arbitration agreement that required arbitration to occur in Rochester, New York); Cal. Civ. Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may . . . enforce the remainder of the contract without the unconscionable clause . . . ."). If the main purpose of the contract is "tainted with illegality," severance is not available. *Armendariz*, 6 P.3d at 696. If, however, the illegal provision is collateral to the main purpose of the contract, and the illegal provision can be extirpated, severance is appropriate. *Id.* Plaintiff argues that this Court may not sever the "place and manner" restriction. Opp. at 20.

Plaintiff contends the word "Florida" makes up a "substantial portion" of the arbitration provision and that it is not collateral to the arbitration agreement. Opp. at 20–21. To support this, Plaintiff cites to *Lou v. Ma Labs., Inc.*, 2013 WL 2147459, at *5 (N.D. Cal. May 15, 2013), for the proposition that severance, in this case, would constitute "re-drafting." Not so. The section of *Lou* cited by Plaintiff refers to situations where the court must sever *and* add new terms to a contract in order to "insert mutuality" to render a contract substantively conscionable. *See* 2013 WL 2147459, at *5 ("To insert mutuality, would, therefore, redraw the rights of the parties. . . . [A]dding new terms is not severance. It is re-drafting."). Here, the Court need not rewrite the contract to insert mutuality—the contract already is mutual, it requires both parties to arbitrate their disputes, a fact Plaintiff does not dispute. Likewise, the Court need not interpose

---

[3] The Court does not make any judgment about the unconscionability of "place and manner" restriction.

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
9

the requirement that the dispute be arbitrated in California because Defendants have already agreed to this.[4] Moreover, "Florida" can hardly be said to "taint" the contract with illegality—it can be struck without changing the meaning or purpose of the contract. *Cf. Armendariz*, 6 P.3d at 697 (noting an "unconscionable taint" may be present when "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement").

Finally, it is not the Court's role to judge the quality of AHLA's arbitration services, nor is there any requirement the arbitrator be as "experienced [as] a federal judge [in] this District." *Id.* Plaintiff's attempts to recast the unconscionability standard into one that requires courts to judge the efficacy of arbitration versus litigation is rejected. *Cf. Concepcion*, 563 U.S. at 339 (discussing FAA's history and noting its "liberal federal policy favoring arbitration"). Accordingly, the "place and manner" restriction can be severed from the agreement, thereby eradicating any substantive unconscionability presented by the restriction.

**Procedural Unconsionablity.** Because unconsionablity requires both substantive and procedural unconsionablity, the Court does not address procedural unconsionablity as it is unnecessary since Plaintiff cannot show substantive unconscionability.

### 2. Scope of the Arbitration Agreement

Plaintiff next argues that the agreement does not cover her meal, rest period, or overtime claims. Opp. at 11–12. The arbitration provision states: "Any dispute to this agreement will be settled by binding arbitration." Goldwyn Decl., Ex. A at 8. Plaintiff argues that the arbitration agreement is narrow band relies on two Ninth Circuit cases: *Tracer Research Corp. v. National Environmental Services Co.*, 42 F.3d 1292 (9th Cir. 1994) and *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914 (9th Cir. 2011). In these cases, the Ninth Circuit found that arbitration clauses that limited themselves to disputes "arising under" the contract and should be given "limited scope." *See, e.g.*, *Tracer*, 42 F.3d at 1295; *Cape Flattery*, 647 F.3d at 921 ("[T]he

---

[4] For this reason, Plaintiff's arguments about the Court needing to "re-write the AHLA rules as well" are misplaced. Opp. at 21. The arbitrator only has discretion to determine an arbitration location if the parties do not agree on a location, which is not an issue here. *Id.*

phrase "arising under" in an arbitration agreement should be interpreted narrowly."); *cf. Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) ("We likewise conclude that the language 'arising in connection with' reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract.").

The Court agrees that "any" and "arising under" are similar and uses the "narrow" rule for arbitration agreements. The Court thus must "determine the extent to which the counts against [Defendants] refer to disputes or controversies relating to the interpretation and performance of the contract itself." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983). This analysis distinguishes between claims that are directly related to the agreement to arbitrate, versus those that are "predominantly unrelated" to the arbitration agreement. *Id.* at 1464. Claims are not covered by a narrow agreement to arbitrate where they relate "only peripherally to the [agreement to arbitrate]" or raise "issues largely distinct from the central conflict over the interpretation and performance of the [agreement to arbitrate] itself." *Cape Flattery Ltd. v. Titan Mar. LLC*, 604 F. Supp. 2d 1179, 1188 (D. Haw. 2009).

For instance, in *Cape Flattery*, the Ninth Circuit based its ruling, in part, on the absence of any provisions in the contract relating to the claims asserted against the defendant. *See* 647 F.3d at 924 ("As the district court noted, '[t]he parties point to no Agreement provision that Defendant allegedly breached—the Agreement is silent regarding what tow lines Defendant must use, how precisely Defendant must salve the Vessel, and whether Defendant must take precautions to prevent harm to the coral reef.'"). Likewise, in *Tracer* the Ninth Circuit deemed the trade secret claim separate from the arbitration agreement because its resolution did not require "interpretation of the contract." 42 F.3d at 1295.

Here, however, the Short Term Travel Contract contains "specific provisions relating to the payment of overtime, bonuses, and per diems along with other terms and conditions of employment." Reply at 3 (citing Opp. at 11–12). Indeed, the language in the contract about overtime payments forms the basis of the causes of actions asserted against Defendants. *See* Compl. ¶ 5. The contract at issue in this case, thus, is distinct from those in *Tracer* or *Cape*

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
11

*Flattery* because the causes of action asserted against Defendants are rooted in the contractual terms, even while Plaintiff asserts separate statutory violations. So, the contract is not "peripherally" related to the agreement to arbitrate. *Mediterranean Enters.*, 708 F.2d at 1465. Further, "any dispute" is broader than the "arising under" language of *Tracer* and *Cape Flattery* as it suggests the dispute must simply be related to something in the contract (which is a more expansive reading than the Ninth Circuit has giving "arising under). *See United States v. Gonzalez*, 520 U.S. 1, 5 (1997) ("Read naturally, the word "any" has an expansive meaning . . . ."). The significance of "any" versus "arising under" is unclear, but any "doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the of the contract language itself." *Cape Flattery*, 647 F.3d at 922–23 (citation omitted) (alteration in original). Courts should "construe ambiguities concerning the scope of arbitrability in favor of arbitration." *Id.* at 923. Thus, in light of the liberal federal policy favoring arbitration and the ambiguity discussed above, the Court holds the arbitration agreement covers Plaintiff's claims. *See Concepcion*, 563 U.S. at 339.

### C. Individual or Class Arbitration

Finally, Plaintiff argues that she is entitled to bring a collective or class arbitration against Defendants. The Supreme Court, however, recently held in *Lamps Plus, Inc. v. Varela* that parties must explicitly agree to arbitrate class claims and that courts may not infer from ambiguous agreements that the parties consented to arbitrate on a class-wide basis. 139 S. Ct. 1407, 1419 (2019).

Plaintiff argues this holding is inapplicable because the arbitration clause prohibits any limitation on her 29 U.S.C. § 216(b) statutory right to bring a collective action because the AHLA Arbitration Rules that govern the agreement provide "the arbitrator must disregard any contract provision that purports to limit the employee's statutory rights or remedies." Opp. at 13. First, this contradicts *Lamps Plus* reasoning that a court may not "infer from an ambiguous agreement that parties have consented to arbitrate on a classwide basis." 139 S. Ct. at 1419. Thus, any ambiguity resulting from the AHLA Arbitration Rules "cannot substitute for the requisite

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
12

affirmative contractual basis for concluding that the part[ies] *agreed* to [class arbitration]." *Id.* (quotation marks and citation omitted) (alteration in original). Second, a court in this District recently considered this argument and concluded class arbitration was not available because "[a] class action is a procedural device, not a claim for relief." *Hernandez v. San Gabriel Temp. Staffing Servs., LLC*, 2018 WL 1582914, at *7 (N.D. Cal. Apr. 2, 2018); *see also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1618 (2018) ("In another contextual clue, the employees' underlying causes of action arise . . . under the Fair Labor Standards Act, which permits the sort of collective action the employees wish to pursue here. Yet they do not suggest that the FLSA displaces the Arbitration Act, presumably because the Court has held that an identical collective action scheme does not prohibit individualized arbitration proceedings." (citation omitted)). The Court, likewise, rejects this argument and holds that class arbitration of Plaintiffs' claims is not permitted by the Arbitration Agreement because there is no contractual basis for concluding that the parties agreed to authorize it.

## IV. CONCLUSION

For the foregoing reasons, the Court: (1) **GRANTS** Defendants' motion to compel arbitration of Plaintiff's claims on an individual basis; (2) **SEVERS** the provision of the agreement requiring arbitration occur in Florida; and (3) **ORDERS** the arbitration to occur **within the geographic boundaries of this judicial district** pursuant to Defendants' stipulation.

The action will remain **STAYED** in its entirety pending the final resolution of arbitration. The Clerk shall administratively close the file. The Parties shall notify the Court within seven days of an arbitration ruling.

**IT IS SO ORDERED.**

Dated: November 7, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-06302-EJD
ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION
13